# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON
# SEATTLE, WASHINGTON

| | |
|---|---|
| SEJAL NIKUNKUMAR PATEL<br><br>　　Petitioner,<br><br>　　vs.<br><br>WILLIAM P. BARR, United States Attorney General; CHAD F. WOLFE, Acting Secretary of U.S. Department of Homeland Security; MARK A. MORGAN, Acting Commissioner of Customs and Border Protection; KENNETH T. CUCCINELLI, Acting Director of U.S. Citizenship and Immigration Services; EMILIA M. BARDINI, Director, San Francisco Asylum Office; ELIZABETH GODFREY, Acting Director of the Seattle Filed Office U.S. Immigration and Customs Enforcement; ANNE ARIES CORSANO, Seattle District Director U.S. Citizenship and Immigration Services; CYNTHIA MUNITA, Field Office Direction, U.S. Citizenship and Immigration Services; STEPHEN LANGFORD, Warden, Northwest Detention Center;<br><br>　　Respondents. | Case No.: 2:20-cv-408<br><br>PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241<br><br>Agency File Number: 215 565 124 |

Petition for Writ of Habeas Corpus - 1
No. 215 565 124

Law Office of Jeffrey Goldman, PLLC
1001 4th Ave., Ste. 3200
Seattle, WA 98154
Tel. (206) 488-9030
Fax (888) 282-6930

# PETITION FOR WRIT OF HABEAS CORPUS

## I.  Parties

1. Petitioner, Sejal Nikunjkumar Patel, is a citizen of India who is presently detained at the Northwest Detention Center in Tacoma, Washington.

2. Respondent, William P. Barr, is sued in his official capacity as the Attorney General of the United States;

3. Respondent, Chad W. Wolf, is sued in his official capacity as the Acting Secretary of the U.S. Department of Homeland Security;

4. Respondent, Mark A. Morgan, is sued in his official capacity as the Acting Commissioner of Customs and Border Protection;

5. Kenneth T. Cuccinelli, is sued in his official capacity as the Acting Director of U.S. Citizenship and Immigration Services, the agency that administered Petitioner's Credible Fear Interview.

6. Respondent, Emilia M. Bardini, is sued in her official capacity as the Director of the San Francisco Asylum Office, the branch of the U.S. Citizenship and Immigration Services that conducted Ms. Patel's Credible Fear Interview.

7. Respondent, Elizabeth Godfrey, is sued in her official capacity as the Acting Director of the Seattle Field Office of U.S. Immigration and Customs Enforcement, the Agency that currently has custody of Ms. Patel;

8. Respondent, Anne Arries Corsano, is sued in her official capacity as the Seattle District Director of U.S. Citizenship and Immigration Services. On information and belief, Ms. Corsano resides in King County, Washington.

Petition for Writ of Habeas Corpus - 2
No. 215 565 124

Law Office of Jeffrey Goldman, PLLC
1001 4th Ave., Ste. 3200
Seattle, WA 98154
Tel. (206) 488-9030
Fax (888) 282-6930

9. Respondent, Cynthia Munita, is sued in her official capacity as Field Office Director, U.S. Citizenship and Immigration Services;

10. Stephen Langford, is sued in his official capacity as Warden of the Northwest Detention Center, the privately-operated immigration detention center where Ms. Patel is presently detained. Mr. Langford has custody of Ms. Patel. On information and belief, Mr. Langford resides in Pierce County, Washington.

## II. Introduction

11. Petitioner, Sejal Nikunjkumar Patel, is a native and citizen of India. She is being held in Tacoma, Washington at the Northwest Immigration and Customs Enforcement (ICE) Processing Center, a privately-owned immigration detention facility operated by The GEO Group, Inc., a private contractor working on behalf of U.S. Immigration and Customs Enforcement. Ms. Patel brings this habeas petition under the Suspension Clause, U.S. Const. art I, § 9, cl. 2, to challenge the procedures and decision making that led to the issuance of and the continued validity of an expedited order of removal against him and which has caused him to remain in detention in the Northwest Detention Center.

12. Ms. Patel is facing imminent deportation and removal to India.

13. Ms. Patel fears persecution and fears for her life and safety if she is returned to India.

14. Ms. Patel submits that she can show that her 4th and 5th amendment rights were violated on account of acts taken by the Respondents in disregard of substantive and procedural due process, and she is being held, and was ordered removed without having had a "meaningful

Petition for Writ of Habeas Corpus - 3
No. 215 565 124

Law Office of Jeffrey Goldman, PLLC
1001 4th Ave., Ste. 3200
Seattle, WA 98154
Tel. (206) 488-9030
Fax (888) 282-6930

opportunity to demonstrate that [she] is being held pursuant to 'the erroneous application or interpretation' of relevant law." *Boumediene v. Bush,* 533 U.S. 723, 779 (2008) (quoting *INS v. St. Cyr,* 53 U.S. 289, 302 (2001).

15. Ms. Patel also moves the court to issue an emergency order against the Respondents staying all deportation and removal actions against her, and to prevent her transfer from the jurisdiction of this court, such deportation, removal, and transfer being pursuant to a disregard of fundamental rights including the failure to provide him with a fair hearing and review before an Immigration Judge of a Negative Credible Fear Determination made by an Asylum Officer.

16. Ms. Patel also moves that he be granted release upon a reasonable bond.

17. Ms. Patel seeks review by this Court of a final order of removal entered by an Immigration Judge on April 23, 2019. The order was issued in Credible Fear Proceedings for which there is no administrative appeal available. *See* Order of the Immigration Judge in Credible Fear Proceedings (hereinafter Exhibit 1) at p. 2.

### III.     Jurisdiction

18. This Court has jurisdiction over this matter pursuant to 18 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. § 2241 (habeas corpus) and 8 U.S.C. § 1361 (mandamus jurisdiction). This court has jurisdiction to review an Immigration Judge's order upholding a negative credible fear finding issued by an Asylum Officer under the Suspension Clause, U.S. Const. art. I, § 9, cl. 2. *See Thuraissigiam v. U.S. Department of Homeland Security, et al,* 917 F.3d 1097 (9th Cir. 2019).

Petition for Writ of Habeas Corpus - 4
No. 215 565 124

Law Office of Jeffrey Goldman, PLLC
1001 4th Ave., Ste. 3200
Seattle, WA 98154
Tel. (206) 488-9030
Fax (888) 282-6930

19. This court also has jurisdiction under 28 U.S.C. § 2201, the Declaratory Judgment Act; and 5 U.S.C. § 702, the Administrative Procedures Act.

20. No otsher petitions, appeals, or motions have been filed with any other court.

21. Venue in the Western District of Washington is appropriate under 28 U.S.C. § 1391(e)(1) because the Petitioner is detained in this judicial district.

22. Venue is further appropriate because the Respondents live, work, and/or operate within this judicial district and the actions which gave rise to this petition took place within this judicial district.

### IV.   Procedural and Factual History

23. If a U.S. immigration officer encounters a noncitizen arriving at a port of entry (or a noncitizen encountered within 100 miles of a border who is unable to prove that they have been in the United States for more than the prior two weeks) and makes a determination that the noncitizen is inadmissible for misrepresenting a material fact or lacks proper documentation, the officer must place the noncitizen in expedited removal proceedings. 8 U.S.C. § 1225(b)(1)(A)(i), 69 Fed. Reg. 48877-81; *see also*, 8 U.S.C. § 1225(b)(1)(A)(iii)(II).

24. On April 1, 2019, near Blaine, Washington, inside the United States and within 100 miles of the U.S./Canada border, Ms. Patel was taken into custody by U.S. Customs and Border Protection (CBP) Officers and taken to the Blaine, Washington Border Patrol Station where she was questioned by CBP Agent Garrett Gremes using a Hindi language interpreter. *See* Exh. B, 20-23. Ms. Patel had entered without inspection and did not have proper documents. *See id.,* p. 21. Ms. Patel indicated fear of return to India. *See id.,* pp. 22-23.

Petition for Writ of Habeas Corpus - 5
No. 215 565 124

Law Office of Jeffrey Goldman, PLLC
1001 4th Ave., Ste. 3200
Seattle, WA 98154
Tel. (206) 488-9030
Fax (888) 282-6930

25. On Form I-867, the CBP Officer typed that when asked why she departed India or country of last resident she replied "to flee my boyfriend's family" and further stated she feared return. Exh. B, p. 19.

26. Ms. Patel was referred to the Asylum Office and on April 16, 2019 was interviewed for one hour and forty minutes including time spent gathering biographic information and providing legal warnings by Asylum Officer A. Daniel ZSF 255 by phone with Ms. Patel and a Gujarati interpreter on the line. *See id.,* pp. 10-19.

27. Ms. Patel was served Record of Credible Fear Finding and Request for Review by Immigration Judge on April 19, 2019 and the following documents: Form I-863, Notice of Referral to Immigration Judge (two page form) dated April 18, 2019; Form I-870, Record of Determination/Credible Fear Worksheet (five page form) dated April 18, 2019; Credible Fear Asylum Pre-Screening Interview Notes (hereinafter "AO Interview Notes") (10 page form) dated April 16, 2019; Form I-867A, Record of Sworn Statement in Proceedings under Section 235(b)(1) of the Act (three-page form) dated April 2, 2019; (no form number) Jurat for Record of Sworn Statement in Proceedings under Section 235(b)(1) of the Act (one-page form) dated April 2, 2019; and (no form number) Credible Fear Determination Checklist, (two page form) but only the second page was provided to counsel (and not dated). *See* Exh. B, pp. 1-24.

28. Ms. Patel received death threats on multiple occasions and was slapped. *See id.*, pp. 14-15. Her family received death threats as well. *See id.,* p. 15. Her ex-boyfriend Imran and associated gang members delivered these threats, and Imran himself slapped her. *See id.* Imran's motivation was that he wanted to be with her romantically. *See id.*, pp. 14-15. They were previously in a dating relationship and were contemplating marriage. Her family did not accept the proposed marriage. *See id*. The relationship ended and Ms. Patel married someone else. *See*

Petition for Writ of Habeas Corpus - 6
No. 215 565 124

Law Office of Jeffrey Goldman, PLLC
1001 4th Ave., Ste. 3200
Seattle, WA 98154
Tel. (206) 488-9030
Fax (888) 282-6930

*id.,* p. 14. All the threats and the harm were motivated by Imran to be with Ms. Patel. *See id.,* pp. 14-15. His position was that if she was not with him, she would be dead. *See id.,* pp. 14-17.

29. Ms. Patel did not report the threats or harm to the police because she believed the police would not help. *See id.,* pp. 15-16. She explained she did not have money to give to the police. *See id.,* p. 16. Ms. Patel stated she assumed that Imran pays the police. *See id*., pp.15-16. She elaborated that people in the village were afraid of Imran, that he was always near the police station, and that he was politically affiliated and associated with a gang. *See id.,* pp. 16-17. Finally, she believes Imran could find her anywhere in India because of his connections to Bharatiya Janata Party (BJP) and Congress parties. *See id.,* p.17

30. Ms. Patel was found credible. *See id.,* p.4. However, the Asylum Officer determined she had no credible fear of persecution because:

> "there is no significant possibility that you could establish in a full hearing that the harm you experienced and/or the harm you fear is on account of your race, religion, nationality, political opinion, or membership in a particular social group." *Id.*

31. The Asylum Officer also found that there was no significant possibility that "the harm [Ms. Patel] fear[s] would be inflicted by or at the instigation of, or with the consent or acquiescence of, a public official." *Id.*

32. The Asylum Officer's reasoning for the denial of credible fear of torture was that that she

> "testified that she suspected that her ex-boyfriend had connections with the police. However, applicant was relying on her suspicions because they used to meet in the area near the police station, but did not offer any more persuasive evidence regarding his ties with the police. Thus applicant did not establish that her persecutor had sufficient ties to the government." *Id.,* p. 24.

33. Ms. Patel requested Immigration Judge review of the negative credible fear findings. *See Id.,* pp. 2-4. The review was held on April 23, 2019. *See* Exh. A, p. 2. She was

Petition for Writ of Habeas Corpus - 7
No. 215 565 124

Law Office of Jeffrey Goldman, PLLC
1001 4th Ave., Ste. 3200
Seattle, WA 98154
Tel. (206) 488-9030
Fax (888) 282-6930

represented by Zachary Aho, Esq. Additional testimony was not taken. *See Id.* The Immigration Judge affirmed the decision. *See* Exh. A, p. 2.

34. Ms. Patel's father, Ashokbhai Sendhabhai Patel, provided additional information on Imran's association with the police. *See* Exh. C, pp. 2-6. Mr. Patel states that Imran is "locally known to have the permission of the police to do just about anything he wants." *Id.,* p. 8. He elaborated on Imran's friendship with the police in public. *See id.* Mr. Patel stated that Imran harmed his friend's son. His friend attempted to report the harm to the police on two separate occasions and the second time was told that false charges would be brought against him. *See id.,* pp. 8-9.

35. On February 3, 2020, undersigned counsel emailed to the Asylum Office Form G-28 and the Affidavit of Ashokbhai Sendhabhai Patel. *See id.,* p.2. The Asylum Office did not reply. *See id.,* pp. 2-3. Ten days later, undersigned counsel emailed the asylum office again. *See id*. To date, no response has been provided. *See id.* (Please note that undersigned counsel met with Ms. Patel months prior upon her initial arrival to the Northwest ICE Processing Center, but was not retained at that time). *See* Exh. B., p. 11.

## V.      Analysis

36. The Credible Fear Lesson Plan 2019, section VIII., E.2., Identity of Torturer, Harm by Public Official, states "the term public official can include any person acting on behalf of a national or local authority or any national or local government employee regardless whether the officials acting in their official or personal capacity." Credible Fear Lesson Plan 2019, p.25. In a footnote on the Credible Fear Lesson Plan, the manual cites *Barajas-Romero v. Lynch,* 846 F.3d 351 (9th Cir. 2017) which held that a public official need not be acting on behalf of the government to show eligibility for Convention Against Torture relief.

Petition for Writ of Habeas Corpus - 8
No. 215 565 124

Law Office of Jeffrey Goldman, PLLC
1001 4th Ave., Ste. 3200
Seattle, WA 98154
Tel. (206) 488-9030
Fax (888) 282-6930

37. Per regulation, "acquiescence of a public official requires that the public official, prior to the activity constituting torture, have awareness of such activity and thereafter breach his or her legal responsibility to intervene to prevent such activity." 8 C.F.R. § 208.18(a)(7).

38. Caselaw requires that the torture must be "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." *Zheng v. Ashcroft*, 332 F.3d 1186, 188 (9th Cir. 2003) (quoting 8 C.F.R. §208.18(a)(1)(2002)) (emphasis and internal quotation marks omitted); *See also Arrey v. Barr,* 916 F.3d 1149, 1160 (9th Cir. 2019) ("the torture must be by government officials or private actors with government acquiescence."). The Court in *Zheng,* found ("The correct inquiry ... is whether a respondent can show that public officials demonstrate 'willful blindness' to the torture of their citizens by third parties, or ... would turn a blind eye to torture." (citations and quotation marks omitted)). *Zheng,* at 1196; *see also Ornelas-Chavez v. Gonzales*, 458 F.3d 1052, 1059 (9th Cir. 2006) (citing 8 C.F.R. §208.18(a)(1)) ("sanction connotes greater volition and approbation than acquiescence, awareness, willful blindness, and even willful acceptance, the IJ used a higher legal standard to assess Ornelas–Chavez's CAT claim than is permitted under the law.") (internal quotation omitted, and footnote content citing Black's Law Dictionary and Merriam–Webster's Collegiate omitted)

39. Ms. Patel expressed concern that Imran had connections with the police. *See* Exh. B, pp. 15-17. When asked to elaborate, she explained that she had no personal knowledge, but suspected based on a variety of factors including political affiliation and substantial power and authority to do harm in the local community. *See id*.

40. Additionally, the Asylum Office has failed to even respond to the affidavit of Ms. Patel's father, even though it specifically addresses acquiescence. *See* Exh. C, pp. 8-9. Mr. Patel

Petition for Writ of Habeas Corpus - 9
No. 215 565 124

Law Office of Jeffrey Goldman, PLLC
1001 4th Ave., Ste. 3200
Seattle, WA 98154
Tel. (206) 488-9030
Fax (888) 282-6930

states that Imran is "locally known to have permission of the police to do just about anything he wants." *Id.,* p. 8. Mr. Patel states that Imran "spends a lot of time openly… next to the police station… smiling, laughing, patting each other on the back…" *Id.* Mr. Patel's "friend's son, Kalpesh Patel" had a financial dispute with Imran and was beaten, ending up in bed for one and a half weeks to recover. *Id.* pp. 8-9. Kalpesh's father reported it to the police and when they "heard mention of Imran's gang… told Kalpesh's father to leave." *Id.* Kalpesh's father tried again, and was threatened by police that a false charge would be filed against him, told him to pay his son's debt and not to complain, or he would suffer consequences. *See id.,* p. 9.

41. Ms. Patel's father's knowledge of the interaction between the police and Imran establishes acquiescence and therefore, undersigned counsel submits to this Court that the Asylum Offices' inaction is in error.

### VI.     Exhaustion of Administrative Remedies

42. Ms. Patel has exhausted all administrative remedies. There are no administrative appeals of the Immigration Judge's decision to affirm the Asylum Officers Negative Credible Fear Determination. The expedited order of removal is therefore considered administratively final.

### VII.     Irreparable Injury

43. The removal and deportation of Ms. Patel from the United States will cause irreparable injury to Petitioner. If Ms. Patel is removed and deported from the United States to India, it is likely that he will suffer severe threats to her life and safety, or will be murdered or tortured.  Additionally, Ms. Patel's physical detention has caused him irreparable injury Show Cause Order directing the Respondents to show cause why the Writ of Habeas Corpus should not

Petition for Writ of Habeas Corpus - 10
No. 215 565 124

Law Office of Jeffrey Goldman, PLLC
1001 4th Ave., Ste. 3200
Seattle, WA 98154
Tel. (206) 488-9030
Fax (888) 282-6930

be granted and issued; the Respondent should also be directed to explain why Ms. Patel should not be released from custody and be allowed to appear in this court at a time and date to be specified;

### VIII.   Prayer For Relief

WHEREFORE, Petitioner respectfully prays that:

(1)   this court issue a Show Cause Order directing the Respondents to show cause why the Writ of Habeas Corpus should not be granted and issued; directing the Respondent should also be directed to explain why the Petitioner should not be released from custody and be allowed to appear in this court at a time and date to be specified;

(2)   this court issue an order setting a hearing at a time and date to be specified;

(3)   this court issue an emergency order staying the Petitioner's removal to India and barring Ms. Patel's transfer to another detention facility;

(4)   this court grant Ms. Patel interim release pending a final decision, and any appeal of such decision, on this writ.

(5)   this court issue an order providing for an award of attorney's fees and costs; and

(6)   this court issue an order providing for any other relief as may be just or reasonable.

Respectfully submitted this _____ day of March 2020.

Petition for Writ of Habeas Corpus - 11
No. 215 565 124

Law Office of Jeffrey Goldman, PLLC
1001 4th Ave., Ste. 3200
Seattle, WA 98154
Tel. (206) 488-9030
Fax (888) 282-6930

1
2
3
4
5
6

        <u>s/ Jeffrey B. Goldman</u>
        JEFFREY B. GOLDMAN
        WSBA #39747
        Law Office of Jeffrey Goldman, PLLC
        1001 Fourth Avenue, Suite 3200
        Seattle, WA 98154
        206/488-9030 (voice)
        888/282-6930 (fax)
        jeff@jeffgoldmanlaw.com
        Attorney for Petitioner

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Petition for Writ of Habeas Corpus - 12
No. 215 565 124

Law Office of Jeffrey Goldman, PLLC
1001 4th Ave., Ste. 3200
Seattle, WA 98154
Tel. (206) 488-9030
Fax (888) 282-6930